UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

PAUL MONTGOMERY,

  *Plaintiff*,

v().                                            Case No. SA-23-CV-00459-JKP

BROADWAY NATIONAL BANK,

  *Defendant*.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Broadway National Bank's Motion for Summary Judgment. *See* ECF No. 23. Broadway Bank also filed two motions asking the Court to grant its Motion for Summary Judgment as unopposed because Plaintiff Paul Montgomery, who appears *pro se*, failed to timely respond. *See* ECF Nos. 24, 28. Broadway Bank further requests the Court strike Montgomery's sur-reply for failure to seek leave of Court to file it. *See* ECF No. 32. After due consideration of the motion, the parties' briefings, and the record evidence, the Court **GRANTS IN PART** and **DENIES IN PART** Broadway Bank's motions to deem its Motion for Summary Judgment unopposed (ECF Nos. 24, 28), **GRANTS** Broadway Bank's Motion to Strike Montgomery's sur-reply (ECF No. 32), and **GRANTS** Broadway Bank's Motion for Summary Judgment (ECF No. 23). Final judgment will be entered by separate order.

## BACKGROUND

This case is an employment discrimination action arising out of a dispute between Plaintiff Paul Montgomery and his former employer, Defendant Broadway National Bank. On June 7, 2024, Broadway Bank filed a Motion for Summary Judgment arguing there are no material issues of fact in this case and requesting summary judgment in its favor. *See* ECF No.

23. Under the Local Rules, Montgomery had fourteen days to respond to the motion, that is until June 21, 2024. *See* Local Rule CV-7(d)(2). When Montgomery failed to timely respond, Broadway Bank filed a Motion to Deem its Motion for Summary Judgment Unopposed, Fully Briefed and Granted. *See* ECF No. 24. Montgomery then filed a request for extension seeking additional time to respond. *See* ECF No. 26. In his request, Montgomery acknowledged he received the Motion for Summary Judgment and explained he was in the process of moving to Boca Raton, Florida, and therefore needed an extension to respond. *Id*.

United States Magistrate Judge Elizabeth. S. Chestney, to whom this matter was referred for pretrial management, granted the extension by text order with the following admonishment: "Plaintiff is advised that although pro se litigants are held to a less stringent standard, they are nevertheless required to follow the rules that govern all litigants in federal court. These rules include but are not limited to observing the response times for motion as set forth in Local Rule CV-7. Generally, motions for extensions of time must be filed before the deadline to be considered." This is not the first time Judge Chestney informed the plaintiff of the importance of following the applicable rules in federal court. In a June 5, 2023 order, Judge Chestney provided links to the Federal Rules of Civil Procedure, the Court's Local Rules, and a manual for *pro se* litigants, indicating: "[A]lthough pro se litigants are held to a less stringent standard, they are nevertheless required to follow the rules that govern all litigants in federal court. *Grant v. Cuellar*, 59 F.3d 524, 524 (5th Cir. 1995). These rules include but are not limited to the rules and Court orders regarding conference with opposing counsel, following deadlines imposed by the rules and the Court's Scheduling Order, observing the response times for motions as set forth in Local Rule CV- 7(e), and keeping the Court updated with a current address to ensure all filings are received." *See* ECF No. 11.

In spite of Judge Chestney's admonishments, Montgomery again failed to meet the July 14, 2024 extended deadline to respond. Montgomery filed his response three days later, on July 17, 2024, without requesting leave to file an untimely response or providing a reason for missing the deadline. Given this, Broadway Bank again filed a motion requesting the Court grant its motion as unopposed. *See* ECF No. 28.

## DISCUSSION

Under the Local Rules, courts may grant a motion as unopposed when the nonmovant fails to timely respond. *See* Local Rule CV-7(d)(2). That said, in a case such as this where the nonmovant appears *pro se* and has filed an untimely response, the Court's practice is to review the response on the merits to determine whether granting the motion is appropriate. Judge Chestney, therefore, granted Broadway Bank leave to file a reply to Montgomery's untimely response. *See* ECF No. 30. After reviewing Broadway Bank's Motion for Summary Judgment (ECF No. 23), Montgomery's untimely response (ECF No. 27), and Broadway Bank's reply to the untimely response (ECF No. 30), the Court finds Broadway Bank's Motion for Summary Judgment should be granted on the merits because Montgomery has failed to provide any evidence demonstrating a genuine issue of material fact.

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Rodriguez v. Pacificare, Inc.*, 980 F.2d 1014, 1019 (5th Cir. 1993). The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion." *Celotex Corp.*, 477 U.S. at 323. If the movant carries that initial burden, the

burden shifts to the nonmovant to identify specific facts or present competent summary judgment evidence showing the existence of a genuine fact dispute. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986); *see also* Fed. R. Civ. P. 56(c). Upon the shifting burden "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Heinsohn v. Carabin & Shaw, P.C.*, 832 F.3d 224, 234 (5th Cir. 2016) (citation omitted).

In this case, the Court finds Broadway Bank met its initial burden in its Motion for Summary Judgment by showing that there is no genuine dispute as to any material fact and Broadway Bank is entitled to judgment as a matter of law. Specifically, Broadway Bank demonstrates Montgomery is unable to prove any constructive damage, failure to promote, sex or gender discrimination, or retaliation. *See* ECF No. 23 at 3. In his response, Montgomery fails to respond to the specific undisputed material facts offered by Broadway Bank in its Motion for Summary Judgment. Furthermore, Montgomery offers in response only conclusory allegations and unsubstantiated assertions that are unsupported by the evidence. Such "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Heinsohn*, 832 F.3d at 234. The Court, therefore, finds summary judgment in favor of Broadway Bank is appropriate as a matter of law.

## CONCLUSION

For the reasons discussed, the Court finds Montgomery failed to timely respond to Broadway Bank's Motion for Summary Judgment. Broadway Bank's motions to deem its Motion for Summary Judgment as unopposed are granted in part and denied in part. Montgomery's response is untimely; however, the Court also reviewed the motion and responsive briefings on the merits. Based on its review on the merits, the Court finds

Montgomery failed to meet his burden to show a genuine dispute of material fact. The Court, therefore, finds summary judgment in favor of Broadway Bank is appropriate as a matter of law and grants Broadway Bank's Motion for Summary Judgment. The Court additionally grants Broadway Bank's request to strike Montogomery's sur-reply for failure to request leave of court to file it.

**IT IS THEREFORE ORDERED** that Defendant Broadway National Bank's Motions to Deem its Motion for Summary Judgment Unopposed are **GRANTED IN PART** and **DENIED IN PART**. *See* ECF Nos. 24, 28.

**IT IS FURTHER ORDERED** that Defendant Broadway National Bank's Motion to Strike Plaintiff Paul Montgomery's Sur-Reply is **GRANTED**. See ECF No. 32.

**IT IS FINALLY ORDERED** that Defendant Broadway National Bank's Motion for Summary Judgment is **GRANTED**. *See* ECF No. 23. Summary judgment is entered in favor of Defendant Broadway National Bank. Final judgment will be entered by separate order.

It is so ORDERED.
SIGNED this 29th day of August, 2024.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE